AUSTIN *v.* STRONG.

Where an affidavit for an appeal from the judgment of a justice, under sec. 2 of the act, Ses. L. 1845, p. 98, was made by an attorney of the party and stated, that plaintiff recovered five dollars more than was justly and honestly due him, as deponent believed, from the facts and evidence in the cause, which were fully communicated to him, it was held sufficient.

The recognizance for an appeal under the act, Ses. L. 1845, p. 98, must be taken before the justice by whom the cause was tried.

CASE submitted by agreement of parties.

*Van Dyke and Emmons,* for plaintiff.

*Lothrop and Duffield,* for defendant.

*By the court,* WHIPPLE, Ch. J.  This cause was originally commenced before a justice of the peace, and was by appeal taken to the circuit court of the county of Wayne. A motion was made in that court to dismiss the appeal, on the ground of the insufficiency of the affidavit and recognizance required by the statute. The circuit court deeming the affidavit insufficient, dismissed the appeal.

The parties, by their counsel, having waived the issuing of a writ of error, have agreed to submit the record to this court, in order that the decision of the court below might be reviewed.

The second section of the act of 1845, amendatory of the justices' act of 1841, provides, that " no party against whom a judgment has been rendered by a justice of the peace, upon any claim arising upon contract, express or implied, shall appeal therefrom to the circuit court, unless such party, his agent or attorney, shall within five days after the rendition of such judgment, make and present to such justice an affidavit, alleging therein that the party recovering such judgment had recovered therein at least five dollars more than was justly and honestly due such party."

It is objected to the affidavit, that it does not appear that the attorney was ever fully advised by the defendant of the merits of the case;

or that all the facts and evidence were elicited on the trial before the justice, or that the attorney was present at the trial and heard the evidence.

I think it could never have been intended by the legislature, that when the affidavit was made by an agent or attorney, that he should swear *positively* that the prevailing party recovered five dollars more than was honestly and justly due him. This could not, in the nature of things, be done, except in cases where the agent or attorney had a personal knowledge of the facts. Generally, however, the attorney does not possess this personal knowledge, but derives the facts from his client, upon whom he must necessarily rely. The affidavit in this case, after stating that the plaintiff recovered five dollars more than was justly and honestly due, concludes as follows: " As deponent believes, from the facts and evidence in the cause, which are fully communicated to him,"

The qualifying words, "as deponent believes," are unobjectionable for the reasons already given. Had the affidavit concluded with these words, no question could have been raised respecting its sufficiency: it would have been a substantial compliance with the statute. But this belief is said to be founded on insufficient grounds. It is true, that the attorney does not, in words, swear that the facts were communicated to him by his client, or that he was present at the trial before the justice, and heard the evidence. But is not this fairly implied?

The facts in the cause, and the evidence in the cause, are stated in positive terms to have been communicated to the attorney. From what source and in what manner did he derive a knowledge of those facts, and of the evidence in the cause? We must necessarily consult our experience in determining this question. With respect to the facts, as I have already said, they are usually derived from the client. But another and a more satisfactory mode of ascertaining them, is, from the evidence given on the trial of the cause, when the facts are communicated under the sanction of an oath. Although it does not affirmatively appear in the affidavit that the attorney was present at the trial, yet I think it is fair to infer that such was the fact—indeed, the inference is supported by the return of the justice, which shows that the defendant did appear, by his attorney, Mr. Lothrop. But I am inclined to think that it is not necessary to state how the facts were made known to the

attorney: it is sufficient if he swears that the facts have been communicated to him; if it should afterwards appear that they had not been communicated to him, he would render himself liable in a criminal prosecution.

If, as contended by the plaintiff, it is a fair construction of the affidavit to say, that the facts were only made known to the attorney through the medium of the evidence rendered on the trial before the justice, I still think the attorney might well act upon the facts thus disclosed in forming an opinion as to whether or not the plaintiff had recovered more than was justly and honestly due to him. It may be true, that *all* the facts might not have been elicited on the trial, but the fair presumption is that the plaintiff adduced all the proof which he could command in support of his right to recover. However this may be, the attorney has sworn that, according to his belief, the plaintiff recovered five dollars more than was honestly and justly due to him, and that this belief was founded on the facts and evidence in the cause, which were fully communicated to him.

Upon the other question raised by counsel, I am of opinion, that, under the act of 1845, the recognizance can only be taken before the justice by whom the cause is tried. This the statute clearly contemplates. Section 4 provides, that the party appealing shall, *at the time* he enters into a recognizance, "pay to such justice the costs of the suit, and one dollar for making and filing his return." How can the appellant pay the costs &c. " *at the time* of entering into the recognizance," unless it be entered into before the justice by whom the cause was tried? But the fifth section is more decisive of the question: it provides, that "no justice of the peace shall receive any recognizance on appeal as hereinbefore provided, unless the person entering into the same as surety, justifies his responsibility on oath, and answers any question touching his pecuniary responsibility, which *such justice* may deem proper to put." The justice who *receives* the recognizance is the one by whom the cause was tried; and the act expressly directs that he shall not *receive* it, unless the surety justifies, and answers any question touching his pecuniary responsibility, which *such justice* may deem proper to put.

Whatever may have been the rule previous to the act of 1845, it

seems quite clear that that act cannot be carried into effect, unless the justice who tries the cause also takes the recognizance.

We think, therefore, that while the affidavit was sufficient, that the recognizance should have been taken by the justice who tried the cause.